**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0045-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEITH BLACK,

    Defendant-Appellant.

_____

        Submitted November 9, 2016 — Decided August 9, 2017

        Before Judges Fasciale and Sapp-Peterson.

        On appeal from Superior Court of New Jersey,
        Law Division, Hudson County, Indictment No.
        05-06-0790.

        Keith Black, appellant pro se.

        Esther Suarez, Hudson County Prosecutor,
        attorney for respondent (Erica M. Bertuzzi,
        Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Keith Black appeals from the denial of his second petition for post-conviction relief (PCR). For the reasons that follow, we affirm.

On November 21, 2004, defendant became embroiled in a dispute with Tyrone Fuller over their respective territories for selling drugs. Defendant fatally shot Fuller, who died within seconds of the shooting. Fuller's brother, Marquis, was present and witnessed the fatal shooting. He attempted to run away, but was chased by defendant, who shot him in the back and neck. Marquis survived and identified defendant. Defendant fled New Jersey, but was eventually apprehended in Arizona. He waived extradition and was returned to New Jersey for prosecution.

Following a trial, the jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1); first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3; second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). At sentencing, the court imposed an aggregate forty-five year custodial sentence, with an eighty-five-percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.

Defendant filed a direct appeal in which he challenged the trial court's instructions to the jury regarding his flight, the

court's failure to conduct a hearing after a juror started crying, and the excessiveness of the sentence imposed. In an unpublished opinion, we affirmed the convictions and sentence imposed. State v. Black, No. A-2060-06 (App. Div. July 1, 2009). The Supreme Court denied defendant's petition for certification. State v. Black, 200 N.J. 371 (2009).

In 2010, defendant filed his first PCR petition. In the petition, he alleged: (1) the indictment should have been dismissed; (2) evidence of prior bad acts was improperly admitted; (3) the court's jury instructions were improper; (4) he was denied his constitutional right to testify; (5) the sentence imposed was excessive; (6) he was denied effective assistance of trial and appellate counsel; and (7) the cumulative effect of the errors about which he complained resulted in an unfair trial. Defendant sought an evidentiary hearing to address his PCR claims.

By order dated January 28, 2011, the PCR judge denied the petition and also denied defendant's request for an evidentiary hearing. The PCR judge found that defendant's claim relating to his sentence was procedurally barred pursuant to Rule 3:22-5 because it had been raised and resolved on direct appeal. The judge next addressed the other claimed errors and determined that these claims were procedurally barred pursuant to Rule 3:22-4

because they could have been raised on direct appeal and none of the claims fell within any exception.

Defendant appealed, raising the same arguments advanced before the PCR judge and adding the following claims: (1) ineffective assistance of appellate counsel; (2) his claims were not procedurally barred; and (3) error in the denial of his request for an evidentiary hearing. In an unpublished opinion, we affirmed the denial of his petition. State v. Black, No. A-0398-11 (App. Div. July 18, 2013). We agreed with the PCR judge's determination that defendant's claims were procedurally barred under Rule 3:22-4 and -5 and determined that the remaining arguments were without sufficient merit to warrant discussion in a written opinion. Id. at op. 1, 8.

Defendant subsequently filed a petition for certification. On March 13, 2014, the Supreme Court entered an order denying defendant's motion for a limited remand to the Law Division, but did so without prejudice to defendant filing a new PCR petition based upon his claim of newly discovered evidence. On June 2, 2014, the Supreme Court denied defendant's petition for certification. State v. Black, 217 N.J. 589 (2014).

On July 1, 2014, defendant filed his second PCR petition. Once again, he alleged ineffective assistance of trial counsel, who defendant claimed failed to do a pre-trial investigation. In

addition he claimed he was denied his constitutional right to a fair trial because the prosecutor knowingly permitted a witness to testify falsely. He also provided an affidavit from Tyrone Kersey, who purportedly witnessed the shooting and stated that defendant was not the shooter. Defendant further claimed his petition should not be procedurally barred. Defendant subsequently filed an amended second PCR petition claim, adding claims of newly discovered evidence and ineffective assistance of appellate PCR counsel.

In a letter opinion dated June 26, 2015, the second PCR judge denied defendant's second petition. The judge determined that the affidavit submitted by Tyrone Kersey, who purportedly was present at the time of the shooting, "could have been discovered earlier through the exercise of reasonable diligence." Additionally, the judge found that aside from Kersey's assertion that the wrong person was prosecuted for Fuller's death, Kersey offered no specific details to support his claim, noting that in his affidavit, Kersey "never squarely claims that he saw the shooting." Thus, the judge characterized the newly discovered evidence as nothing more than a "bald assertion." Further, the judge found that Kersey offered no reasonable explanation "as to why he did not come forward with this information other than not knowing how to approach the situation." As for defendant's remaining claims,

the judge found those claims were previously addressed and were procedurally barred. The present appeal followed.

Defendant presents the following issues for our consideration in his appeal:

POINT I. THE LOWER COURT ORDER MUST BE REVERSED SINCE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

    A.  Trial counsel failed to investigate and use medical records of Marquis Fuller to show material facts of truth.

    B.  Trial counsel failed to investigate and bring forth statement of witness Tyrone Kersey.

POINT II. THE LOWER COURT ORDER MUST BE REVERSED SINCE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF PCR COUNSEL.

    A.  PCR counsel failed to raise ineffective assistance of trial counsel for failure to use medical records of Marquis Fuller to show material facts of truth.

    B.  PCR counsel failed to investigate and bring forth statement of witness Tyrone Kersey.

POINT III. THE LOWER COURT ORDER DENYING PETITION MUST BE REVERSED BECAUSE OF PROSECUTORIAL MISCONDUCT.

POINT IV. THE LOWER COURT ORDER DENYING PETITION MUST BE REVERSED SINCE DEFENDANT['S] CLAIMS ARE NOT PROCEDURALLY BARRED UNDER R. 3:22-5 AND R. 3:22-4.

POINT V. THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE TRIAL UNFAIR.

6

POINT VI. THE LOWER COURT ERRED IN NOT GRANTING DEFENDANT['S] REQUEST FOR AN EVIDENTIARY HEARING AND SO THE LOWER COURT ORDER MUST BE REVERSED.

We are not persuaded by any of these arguments. Our analysis of the issues raised on appeal is guided by a review of the two court rules that apply to a second or subsequent petition for post-conviction relief. A defendant's second PCR petition, shall be dismissed unless:

(1) it is timely under R. 3:22-12(a)(2); and

(2) it alleges on its face . . . :

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings[.]

. . . .

[R. 3:22-4(b).]

To be timely under Rule 3:22-12(a)(2),

[N]o second or subsequent petition shall be filed more than one year after the latest of:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

7

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

The second PCR judge did not err in concluding defendant's second PCR petition was untimely under Rule 3:22-12(a)(2) because it was filed more than three years after the January 28, 2011 denial of defendant's first PCR petition. Moreover, defendant's allegations do not rely upon any new rule of constitutional law.

Further, defendant provides no reasonable explanation why the purported newly discovered evidence was not discovered earlier. Finally, as the second PCR judge observed, Kersey's affidavit does not state that he actually witnessed the shooting. Rather, he was walking with another individual and saw the two victims pass by him when "he heard shots [ring] out." At that point, he was not with defendant and did not see defendant until later.

The remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-0045-15T2